```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

| | |
|---|---|
| **CTE GLOBAL, INC.,** | |
| Plaintiff, | Case No. 15 C 181 |
| v. | Judge Harry D. Leinenweber |
| **NOVOZYMES A/S and NOVOZYMES NORTH AMERICA, INC.,** | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Novozymes A/S and Novozymes North America, Inc.'s (collectively, "Novozymes") Motion to Dismiss or, in the Alternative, Stay Plaintiff C T E Global Inc.'s ("CTE") Declaratory Judgment Complaint [ECF No. 23]. For the reasons stated herein, the Motion is granted to the extent that it seeks to stay the case.

### I. BACKGROUND

On June 23, 2011, in a separate proceeding before this Court captioned *Novozymes A/S v. Central Trading Enterprises, Inc.*, No. 11 C 4276 (the "Show Cause Proceeding"), Novozymes filed a two-count Complaint alleging that CTE infringed two of its patents for glucoamylase products – U.S. Patent Nos. 6,255,084 and 7,060,468 (collectively, the "Asserted Patents"). On August 20, 2012, Novozymes and CTE entered into a Settlement Agreement (the

"Settlement Agreement") in which CTE admitted infringement and waived its invalidity and non-infringement defenses. (Settlement Agreement, Ex. 1-A to Novozymes Mem. in Support of Mot. to Dismiss, ¶ 3.2.1 (filed under seal).) Following the Settlement Agreement, the Court entered the parties' stipulated consent judgment, (1) granting judgment in favor of Novozymes on both counts of its Complaint, and (2) permanently enjoining CTE from selling or offering to sell any products that infringed the Asserted Patents in any way — specifically, products that contained a glucoamylase enzyme with the same amino acid sequence recited in the Asserted Patents (the "Enjoined Products"). (No. 11 C 4276, ECF No. 48, ¶¶ 3, 8.) Novozymes claims that less than two years later, CTE violated the injunction. Accordingly, on December 15, 2014, Novozymes moved for an Order to Show Cause why CTE should not be held in contempt. (No. 11 C 4276, ECF No. 54.) In support of its Motion, Novozymes presented evidence that a product sample it obtained from a CTE customer (the "L209+ Product") contained the same amino acid sequence recited in the Asserted Patents.

Novozymes subsequently moved for limited third-party discovery to confirm that the product sample was, in fact, a CTE product. (No. 11 C 4276, ECF No. 64, ¶¶ 4–5.) For testing purposes, Novozymes requested from CTE "representative 2 liter samples of all its glucoamylase products in its possession." (*Id.*

¶ 3.) In early February, Novozymes obtained the discovery it sought in support of the show cause motion — samples from CTE's warehouse "representing CTE's complete glucoamylase product line." (Novozymes Supplemental Mem. in Support of Mot. to Dismiss, at 3 (filed under seal).) Novozymes states that testing results obtained at the end of March "showed that at least one sample from each of the CTE Glucoamylase Products tested contained an enzyme with an amino acid sequence *identical* to the prohibited amino acid sequence" in the Asserted Patents. (*Id.* at 4.) With new evidence to stand on, Novozymes filed a supplemental memorandum in support of its show cause motion, arguing that CTE's contempt extended to its entire glucoamylase product line. (Novozymes Supplemental Mem. in Support of Mot. for Order to Show Cause, No. 11 C 4276 (filed under seal).) At present, the parties are in the process of briefing the show cause motion.

CTE initiated this action on January 9, 2015 when it filed its Complaint seeking a declaration of invalidity and non-infringement as to the Asserted Patents. (ECF No. 1.) According to CTE, Novozymes' third-party discovery request created a new case or controversy "with respect to CTE's entire glucoamylase business," not just those products encompassed by the Settlement Agreement. (*Id.* ¶ 26.) CTE currently offers for sale three products containing a glucoamylase enzyme: the L209+ Product, GLUCOAMYL L209, and GLUCOAMYL L561 (collectively, the "CTE

Glucoamylase Products"). CTE contends that each of these products is "materially different in composition and function than those GLUCOAMYL L706+ and GLUCOAMYL LG20 products that the parties agreed were infringing in the prior settlement" and therefore does not infringe the Asserted Patents. (*Id.* ¶ 19.)

CTE moved for summary judgment on February 9, 2015. (ECF No. 9.) On February 13, 2015, Novozymes filed the instant Motion to Dismiss CTE's Complaint, or Alternatively, Stay this Matter pending resolution of the show cause motion. (ECF No. 23.) Summary judgment briefing was stayed pending resolution of this Motion. (ECF No. 28.)

## II. **ANALYSIS**

Novozymes asserts that dismissal is proper for three reasons: (1) the Court lacks subject matter jurisdiction to hear the case, (2) CTE's claims are barred by *res judicata*, and (3) CTE is precluded from asserting invalidity under the doctrine of contractual estoppel. Alternatively, Novozymes asks this Court to stay this action until the show cause motion is resolved.

The Court begins by examining what Novozymes must prove to enforce its injunction in the Show Cause Proceeding. Under *TiVo,* Novozymes must prove, by clear and convincing evidence, that (1) the newly accused CTE Glucoamylase Products are not more than "colorably different" from the Enjoined Products that were previously found to infringe, and (2) that the newly accused

- 4 -

products "actually infringe." *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011). Novozymes argues both elements are met because the amino acid sequences in the CTE Glucoamylase Products and the Enjoined Products are identical. (*See,* Novozymes Supplemental Mem. in Support of Order to Show Cause, No. 11 C 4276 (filed under seal).)

Proof that there is no colorable difference between the CTE Glucoamylase Products and the Enjoined Products is critical to Novozymes' success in the Show Cause Proceeding. Here, it is equally important to all three of Novozymes' arguments in support of dismissal. First, the issue of whether a "colorable difference" exists is critical to subject matter jurisdiction. If the newly accused CTE Glucoamylase Products and Enjoined Products are effectively the same, there is no new "case or controversy" apart from the previously filed action.

In moving to dismiss under Rule 12(b)(1), Novozymes challenges the factual basis for jurisdiction — not the facial sufficiency of CTE's Complaint. When a defendant in a declaratory judgment action challenges jurisdiction in fact, the Court may look beyond the jurisdictional allegations contained in the Complaint. *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir. 2009). "[I]f the facts place the district court on notice that the jurisdictional allegation probably is

false, the court is duty-bound to demand proof of its truth." *Id.* (citation and internal quotations omitted).

CTE argues that the Court is bound by Federal Circuit law when confronting a jurisdictional challenge in a patent case. (CTE Opp., ECF No. 33, at 2 n.1.) However, courts within this district routinely apply Seventh Circuit law in setting the standard for a 12(b)(1) motion, even in patent cases. *See, e.g., Sloan Valve Co. v. Zurn Indus., Inc.,* 712 F.Supp.2d 743, 748 (N.D. Ill. 2010). Even if this were not the case, the Federal Circuit applies the same standard. *See, Panavise Prods., Inc., v. Nat'l Prods., Inc.,* 306 F.App'x. 570, 572 (Fed. Cir. 2009) (explaining that when a defendant in a declaratory judgment action challenges jurisdiction in fact, "the allegations in the complaint are not controlling") (citation and internal quotations omitted).

Here, Novozymes argues that it has provided clear and convincing evidence that the CTE Glucoamylase Products are not colorably different from the Enjoined Products, negating any "new" case or controversy. First, Novozymes has provided evidence that a customer sample of the L209+ Product contained the glucoamylase enzyme protected in the Asserted Patents. Second, Novozymes has offered additional test results confirming that all CTE Glucoamylase Products contain the protected enzyme. In its opposition brief, CTE offers no countervailing evidence that the CTE Glucoamylase Products are materially different than the

Enjoined Products.  Instead of tackling the issue, CTE notes that there has not yet been a finding as to whether the CTE Glucoamylase Products are or are not colorably different from the Enjoined Products.  CTE seems to allude to the Show Cause Proceeding, stating that it "intends to show that Novozymes is unable to carry its heavy burden of proof on this issue."  (CTE Opp. to Mot. to Dismiss, ECF No. 33, at 5.)  CTE urges the Court to allow its Complaint to remain in place pending a decision in the Show Cause Proceeding.  (*Id.* at 6.)

Although CTE has not rebutted Novozymes' factual challenge to jurisdiction with any evidence of its own, it has given the Court sufficient reason to stay this action pending resolution of the Show Cause Proceeding.  The parties are currently in the process of briefing the Show Cause Motion, which will fully test whether CTE meets the two-prong test set forth in *TiVo*.  Instead of dismissing this action now for lack of jurisdiction, the Court will stay this action until the Show Cause Motion is resolved, and both parties have fully addressed the issue of whether there is a colorable difference between newly accused CTE Glucoamylase Products and the Enjoined Products.

Novozymes' *res judicata* and contractual estoppel claims similarly turn on its proof that there is no colorable difference between the CTE Glucoamylase Products and the Enjoined Products.  To invoke the doctrine of *res judicata*, Novozymes must show that

the CTE Glucoamylase Products are "essentially the same" as the Enjoined Products. *See, Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 480 (Fed. Cir. 1991). Likewise, contractual estoppel would require Novozymes to prove that CTE violated the Settlement Agreement by bringing an invalidity challenge in a case involving "materially identical" infringing products. (Novozymes Mem. in Support of Mot. to Dismiss, at 11 (filed under seal); CTE Opp. to Mot. to Dismiss, ECF No. 33, at 6.) Because this issue is currently pending resolution in the Show Cause Proceeding, the Court declines to dismiss the case at this time.

### III. CONCLUSION

The parties agree that whether dismissal is appropriate in this case hinges on whether a "colorable difference" is or is not established in the Show Cause Proceeding. Therefore, Novozymes' Motion [ECF No. 23], is granted to the extent that it seeks to stay this action until a ruling is issued in that proceeding. If Novozymes prevails on its Show Cause Motion, it may renew its Motion to Dismiss in this action.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　
Harry D. Leinenweber, Judge
United States District Court

Dated:5/14/2015